# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DEBORAH L. MILLER, :

                Plaintiff,

  -vs-

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,
                Defendant. :

Case No. 3:09-cv-226

District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS

Plaintiff brought this action pursuant to 42 U.S.C. §405(g) and 42 U.S.C. §1381(c)(3) as it incorporates §405(g), for judicial review of the final decision of Defendant Commissioner of Social Security (the "Commissioner") denying Plaintiff's application for Social Security benefits. The case is now before the Court for decision after briefing by the parties directed to the record as a whole.

Judicial review of the Commissioner's decision is limited in scope by the statute which permits judicial review, 42 U.S.C. §405(g). The Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S.

389, 401 (1971), *citing, Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law), against the Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300 (1939).

In deciding whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. *Hepner v. Mathews*, 574 F.2d 359 (6th Cir. 1978); *Houston v. Secretary of Health and Human Services*, 736 F.2d 365 (6th Cir. 1984); *Garner v. Heckler*, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *Garner, supra.* If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the Court as a trier of fact would have arrived at a different conclusion. *Elkins v. Secretary of Health and Human Services*, 658 F.2d 437, 439 (6th Cir. 1981).

To qualify for disability insurance benefits (SSD), a claimant must meet certain insured status requirements, be under age sixty-five, file an application for such benefits, and be under a disability as defined in the Social Security Act, 42 U.S.C. § 423. To establish disability, a claimant must prove that he or she suffers from a medically determinable physical or mental impairment that can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §423(d)(1)(A). Secondly, these impairments must render the claimant unable to engage in the claimant's previous work or in any other substantial gainful employment which exists in the national economy. 42 U.S.C. §423(d)(2).

To qualify for supplemental security benefits (SSI), a claimant must file an application and be an "eligible individual" as defined in the Social Security Act. 42 U.S.C. §1381a. With respect to the present case, eligibility is dependent upon disability, income, and other financial resources. 42 U.S.C. §1382(a). To establish disability, a claimant must show that the claimant is suffering from a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §1382c(a)(A). A claimant must also show that the impairment precludes performance of the claimant's former job or any other substantial gainful work which exists in the national economy in significant numbers. 42 U.S.C. §1382c(a)(3)(B). Regardless of the actual or alleged onset of disability, an SSI claimant is not entitled to SSI benefits prior to the date that the claimant files an SSI application. *See,* 20 C.F.R. §416.335.

The Commissioner has established a sequential evaluation process for disability determinations. 20 C.F.R. §404.1520. First, if the claimant is currently engaged in substantial gainful activity, the claimant is found not disabled. Second, if the claimant is not presently engaged in substantial gainful activity, the Commissioner determines if the claimant has a severe impairment or impairments; if not, the claimant is found not disabled. Third, if the claimant has a severe impairment, it is compared with the Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1 (1990). If the impairment is listed or is medically equivalent to a listed impairment, the claimant is found disabled and benefits are awarded. 20 C.F.R. §404.1520(d). Fourth, if the claimant's impairments do not meet or equal a listed impairment, the Commissioner determines if the impairments prevent the claimant from returning to his regular previous employment; if not, the claimant is found not disabled. Fifth, if the claimant is unable to return to his regular previous

employment, he has established a *prima facie* case of disability and the burden of proof shifts to the Commissioner to show that there is work which exists in significant numbers in the national economy which the claimant can perform. *Bowen v. Yuckert,* 482 U.S. 137, 145, n.5 (1987).

Plaintiff filed applications for SSD and SSI in August, 2002, which were denied at the initial level and Plaintiff took no further appeal. *See,* Tr. 40-43; 68-70. Plaintiff again filed applications for benefits in April, 2003, which were denied at the reconsideration level and Plaintiff took no further appeal. *See,* Tr. 49-51.

Plaintiff again filed applications for SSD and SSI on August 29, 2005, alleging disability since June 15, 2002, due to inability to stand on her feet. Tr. *See,* Tr. 68-70; 95. Plaintiff's applications were denied initially and on reconsideration. *See,* Tr. 52-54; 56-58. Administrative Law Judge Thomas McNichols held a hearing, (Tr. 417-48), following which he determined that Plaintiff was not disabled through June 30, 2005, the date last insured, but that she has been disabled beginning August 9, 2008. (Tr. 15-31). The Appeals Council denied Plaintiff's request for review, (Tr. 7-9), and Judge McNichols' decision became the Commissioner's final decision.

In determining that Plaintiff was not disabled through June 30, 2005, but that she has been disabled beginning August 9, 2008, Judge McNichols found that she met the insured status of the Act through June 30, 2005. (Tr. 23, finding 1). Judge McNichols also found that Plaintiff has severe myotonic dystrophy and borderline intellectual functioning, but that she does not have an impairment or combination of impairments that meets or equals the Listings. *Id.*, findings 3, 4. Judge McNichols found further that Plaintiff has the residual functional capacity to perform a limited range of sedentary work. (Tr. 25, finding 5). Judge McNichols then used sections 201.21

through 201.28 of the Grid as a framework for deciding, coupled with a vocational expert's (VE) testimony, and concluded that prior to August 8, 2009, there was a significant number of jobs in the economy that Plaintiff was capable of performing. (Tr. 29-30, finding 10). Judge McNichols also found that beginning August 9, 2008, the date Plaintiff's age category changed, section 201.14 of the Grid directed a finding of disabled. (Tr. 30, finding 11). Judge McNichols concluded that through June 30, 2005, the date Plaintiff was last insured, she was not disabled, but that beginning August 9, 2008, Plaintiff was disabled and entitled to benefits under the Act. (Tr. 31).

The only challenge to the Commissioner's decision that Plaintiff makes is that the Commissioner erred by failing to find that she satisfies Listing 12.05C. Accordingly, the Court will focus its review of the evidence on that which is relevant to Plaintiff's claim.

The record contains a copy of Plaintiff's school records which reveal that in 1971 when Plaintiff was twelve years and seven months old, Plaintiff's verbal IQ was 70 as measured by the WISC. (Tr. 198).

Examining psychologist Dr. Bonds reported on November 14, 2005, that Plaintiff completed the twelfth grade, was in special education, had far below average judgment and reasoning abilities, and that she did not seem to have sufficient mental ability to be able to live independently, make important decisions about her future, or manage her funds without some assistance. (Tr. 290-97). Dr. Bonds also reported that Plaintiff's cooperation, interest, and motive were good, her verbal IQ was sixty-six, her performance IQ was sixth-seven, and her full scale IQ was sixty-four, that her score fell in the extremely low range of intellectual functioning, and that chances were ninety-five out of one hundred that upon subsequent testing Plaintiff would validly obtain a full scale IQ of between sixty-one and sixty-nine. *Id.* Dr. Bonds noted that Plaintiff had

5

worked as a cashier in a fast food restaurant, as a dining room attendant in a buffet restaurant, and as a janitor for a church, and that her last job ended when the business closed. *Id.* Dr. Bonds identified Plaintiff's diagnosis as borderline intellectual functioning and he assigned Plaintiff a GAF of 60. *Id.* Dr. Bonds opined that Plaintiff ability to relate to others was not limited, her ability to understand, remember, and follow instructions was mildly limited, her ability to maintain attention, concentration, persistence, and pace was not significantly limited, and that her ability to withstand the stress and pressure associated with day-to-day work activities was mildly limited. *Id.*

The reviewing psychologist reported that Plaintiff did not satisfy the Listings and that her diagnosis was borderline intellectual functioning. (Tr. 298-315).

In her Statement of Errors, Plaintiff alleges that the Commissioner erred by failing to find that she meets or equals Listing 12.05C. (Doc 7).

In determining that Plaintiff did not satisfy Listing 12.05C, Judge McNichols found that even though Plaintiff's IQ scores were nominally indicative of possible mild mental retardation, Plaintiff has not been diagnosed with mental retardation and therefore pursuant to *Foster v. Halter,* 279 F.3d 348 (6th Cir. 2001), Listing 12.05C was not applicable. (Tr. 24-25).

A claimant has the burden of proving that his or her impairments meet or equal the Listings. *Bowen v. Yuckert,* 482 U.S. 319 (1987). In order to meet the requirements of a listed impairment, the claimant must meet all of the elements of the listed impairment. *See, Hale v. Secretary of Health and Human Services,* 816 F.2d 1078, 1083 (6th Cir. 1987), *citing, King v. Heckler,* 742 F.2d 968, 973 (6th Cir. 1984) (lack of evidence indicating the existence of all the requirements of Listing 1.05C provides substantial evidence to support the Secretary's finding that claimant did not meet the Listing). It is not sufficient to come close to meeting the requirements of

a Listing. *Dorton v. Heckler,* 789 F.2d 363, 367 (6th Cir. 1989) (Secretary's decision affirmed where medical evidence almost establishes a disability under Listing 4.04(D)).

> Listing 12.05 reads in part:
>
> *Mental Retardation and Autism:* Mental retardation refers to a significantly sub average general intellectual functioning with deficits in adaptive behavior initially manifested during the developmental period (before age 22)....
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
> ...
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function;
> ...

20 C.F.R. Pt. 404, Subpt. P, App. 1 §12.05.

The regulations provide that a claimant will meet the listing for mental retardation only "[i]f [the claimant's] impairment satisfies the diagnostic description in the introductory paragraph *and* one of the four sets of criteria...." *Foster,* 279 F.3d at 354 (6th Cir. 2001) (citations omitted)(emphasis in original).

First, the Court notes that the only mental health expert who examined Plaintiff, Dr. Bonds, opined that her diagnosis is borderline intellectual functioning and not mental retardation. In reaching that conclusion, Dr. Bonds noted that Plaintiff, goes out to eat, works puzzle books, watches television, attends church services twice a week, cooks, drives, shops, writes checks, pays her bills, and uses a computer. In addition, Dr. Bonds noted that Plaintiff has worked as a cashier.

In addition to the IQ scores that Dr. Bonds reported, as noted above, Plaintiff's school records reveal that in 1971, when Plaintiff was twelve years and seven months of age, Plaintiff's verbal IQ was 70. As with the scores Dr. Bonds reported, that score arguably satisfies the IQ

7

requirement of Listing 12.05C. However, there is nothing in Plaintiff's school records which establishes that at any time Plaintiff was diagnosed with mental retardation.

Plaintiff takes issue with the fact that Judge McNichols did not discuss her school records. However, an ALJ is not required to discuss every piece of evidence in the record. *Walker v. Secretary of Health and Human Services,* 884 F.2d 241, 245 (6th Cir. 1989); see also, *Thacker v. Commissioner of Social Security,* No. 02-6138, 2004 WL 1153680 at *3 (6th Cir. May 21, 2004). Additionally, as noted above, Plaintiff's school records do not establish that Plaintiff has been diagnosed with mental retardation. In addition to the fact that Plaintiff has never been diagnosed as mentally retarded, there is no evidence in the record that Plaintiff initially manifested deficits in adaptive behavior during her developmental period.

Under these facts, the Commissioner did not err by failing to find that Plaintiff satisfies Listing 12.05C.

The Court's duty on appeal is not to re-weigh the evidence, but to determine whether the decision below is supported by substantial evidence. *See, Raisor v. Schweiker,* 540 F.Supp. 686 (S.D.Ohio 1982). The evidence "must do more than create a suspicion of the existence of the fact to be established. ... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Secretary of Health and Human Services,* 802 F.2d 839, 840 (6th Cir. 1986), *quoting, NLRB v. Columbian Enameling & Stamping Co.,* 306 U.S. 292, 300 (1939). The Commissioner's decision in this case is supported by such evidence.

It is therefore recommended that the Commissioner's decision that Plaintiff was not

disabled and therefore not entitled to benefits under the Act be affirmed.

March 23, 2010.

*s/ Michael R. Merz*<br>United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).